UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
:
ROGER L. FITE, : CASE NO. 5:07-CV-446
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 18, 19, 20]
CANTON DROP FORGE, INC., ET AL., :
:
       Defendant. :
:
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Before this Court is a motion to dismiss filed by Defendants Canton Drop Forge, Inc.; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union; and Local Union 3446 United Steelworkers (collectively, "Defendants"). [Doc. 19.] Plaintiff Roger Fite ("Fite") opposes the motion. [Doc. 20.] For the following reasons, this Court **GRANTS** the Defendants' joint motion to dismiss.

I. Background

    On February 16, 2007, Plaintiff Fite filed a complaint against the Defendants alleging various violations of his collective bargaining agreement and race discrimination against his union and employer. [Doc. 1.] On September 25, 2007, the Defendants filed the instant joint motion to dismiss the case. [Doc. 18.] In the alternative, Defendants asked the Court to extend the Defendants' deadline for completing discovery. *Id.* After receiving no response from Plaintiff,

Case No. 5:07-CV-446
Gwin, J.

Defendants filed a second motion asking the Court to dismiss the Plaintiff's complaint on October 23, 2007. [Doc. 19.] On October 25, 2007, Plaintiff Fite opposed the Defendants' motion to dismiss and joined in the Defendant's motion to extend discovery. [Doc. 20.] Defendants opposed Plaintiff's motion on October 26, 2007. [Doc. 21.] Defendants argue that the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's previous discovery order and for failure to prosecute.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of court . . ." Fed. R. Civ. P. 41(b). Rule 37 of the Federal Rules of Civil Procedure also provides that a federal district court may dismiss an action if a party does not serve answers to Rule 33 interrogatories, fails to provide or permit discovery, or disobeys a court order regarding discovery under Rule 26(f). Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d).

When contemplating dismissal pursuant to either of these rules, the United States Court of Appeals for the Sixth Circuit has held that four factors should be considered: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the moving party was prejudiced by the adversary's failure to cooperate in discovery; (3) whether the party opposing dismissal had warning that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were considered or used before the dismissal was ordered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

In this case, Plaintiff Fite clearly failed to abide by orders of this Court establishing

Case No. 5:07-CV-446
Gwin, J.

discovery deadlines. On September 7, 2007, this Court ordered that Plaintiff respond to Defendants' discovery requests by September 15, 2007. [Doc. 17.] To this Court's knowledge, as of November 7, 2007, Plaintiff has still not responded to Defendants' discovery requests. In his opposition to the Defendants' motion to dismiss, Plaintiff Fite essentially claims that he is withholding his responses to the Defendants' discovery requests until the Defendants provide him with the information that he has requested. [Doc. 20.] This failure to comply with the Court's discovery order is impermissible.

Plaintiff does not assert that any cause exists to excuse his failure to comply with this Court's discovery deadlines and orders. Defendants repeatedly notified the Court of Plaintiff's failure to respond, thus giving Plaintiff adequate notice of his inaction and ample warning regarding the possible consequences of continued failure to prosecute the case. [Docs. 18, 19, 21.]

The Defendants claim that they have been prejudiced by Plaintiff's failure to cooperate in discovery because they were unable to take the Plaintiff's deposition with the appropriate discovery documents in hand. Plaintiff's failure to provide responses to Defendants' discovery requests has also caused the Defendants significant delay in this proceeding. This Court ordered the following case management schedule in this proceeding: Plaintiff's response to Defendants' discovery requests was to be completed on September 15, 2007; Plaintiff's identification of experts was due on September 17; Defendant's identification of experts was due on October 3; preliminary discovery ended on October 22; and all dispositive motions were to be filed by October 29. Plaintiff's failure to cooperate in discovery has prejudiced the Defendants with regard to all of these case management deadlines. Additionally, the Court notes that Plaintiff Fite has failed to formally serve any discovery

Case No. 5:07-CV-446
Gwin, J.

requests on the Defendants, thus hurting his own case and demonstrating his failure to prosecute.

### III. Conclusion

Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, this Court therefore **GRANTS** the Defendants' joint motion to dismiss the case. Accordingly, the Court **DENIES** as moot the motion to extend discovery.

IT IS SO ORDERED.


Dated: November 7, 2007             s/        *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE